IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN MORRIS<br>29 Tanglewood Drive<br>Shwenksville, PA 19472<br><br>Plaintiff,<br><br>v.<br><br>CERTAINTEED CORPORATION,<br>20 Moores Road<br>Malvern, PA 19355<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Megan Morris ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, CertainTeed Corporation ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.* by misclassifying her as an exempt employee thereunder. Plaintiff further contends that Defendant has violated the provisions of Pennsylvania's Wage Payment and Collection Law, ("WPCL"), 43 P.S. § 260.1 *et seq.* by failing to pay certain wages and benefits earned, due and owing to Plaintiff pursuant to Defendant's policies, practices and agreements with Plaintiff.

2. Plaintiff Megan Morris is a citizen of the United States and Pennsylvania and currently maintains a residence at 29 Tanglewood Drive, Shwenksville, PA 19472.

3. Defendant CertainTeed Corporation (Defendant) is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 20 Moores Road, Malvern, PA 19355.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

8. Paragraphs 1 through 7 are hereby incorporated by reference as though the same were more fully set forth at length herein.

9. Defendant is a "private employer" and covered by the FLSA.

10. Plaintiff was employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

11. On April 4, 2012, Plaintiff was hired by Defendant as a Corporate Marketing Specialist.

12. Plaintiff's primary responsibility was assisting in the coordination and execution of Defendant's National Trade Show Program (the "Trade Show(s)"). In fact, the vast majority of Plaintiff's time was spent preparing for and attending Trade Shows.

13. In this regard, Plaintiff was responsible for coordinating the logistics of lodging and transportation for all Trade Show attendees, conducting Trade Show "follow-up activities", live-tweeting Trade Show events, assisting in the setup of Defendant's Trade Show booths, researching Trade Show venues, and purchasing Defendant's promotional and marketing equipment.

14. Plaintiff was also responsible for assisting with Defendant's social media and web content, editing promotional and marketing videos, and coordinating the execution of promotional events for various business departments of Defendant.

15. In carrying out the foregoing responsibilities, Plaintiff was not afforded the opportunity to exercise independent discretion over any matters of significance. In this regard, Plaintiff was required to submit all of her work to her immediate supervisor, Mike Loughery ("Mr. Loughery"), for approval.

16. By way of example, Plaintiff could not bind the Defendant with regard to the selection of Trade Show venues, could not negotiate pricing, could not finalize purchases without Mr. Loughery's consent, and was not involved in the development of any marketing budgets.

17. In fact, Plaintiff was not even allowed to purchase a $99.00 time lapse camera without Mr. Loughery's direct approval. Similarly, Plaintiff was not given final decision making authority on any aspect, regardless of how minor, of the marketing videos that she prepared or edited.

18. Pertaining to her responsibilities at Trade Shows, Plaintiff was expected to execute the same responsibilities for each show and was generally not allowed to incorporate or develop new marketing practices without Mr. Loughery's approval. As an example, the setup of Defendant's Trade Show booth was expected to be identical for each Trade Show unless Mr. Loughery approved a different arrangement.

19. From April 4, 2012 to December 11, 2015, Plaintiff routinely worked approximately fifty (50) to sixty (60) hours per week, on average. On occasion, Plaintiff would work fifteen (15) hours per day in the weeks leading up to a Trade Show. Accordingly, Plaintiff routinely performed, on average, fifteen (15) hours of compensable overtime work per week.

20. Despite the fact that Plaintiff worked in excess of forty (40) hours per week, Plaintiff did not receive any compensation and/or overtime compensation for work performed in excess of forty (40) hours per week. Plaintiff was paid only a weekly salary regardless of the number of hours actually worked.

21. Defendant, including Mr. Loughery, was aware that Plaintiff was working in excess of forty (40) hours per week to perform the aforementioned compensable work.

22. Defendant classified Plaintiff as "exempt" under the FLSA and PMWA, and therefore determined that Plaintiff was not entitled to overtime compensation.

23. Although Defendant unlawfully misclassified Plaintiff as "exempt," Plaintiff was not exempt from receiving overtime compensation.

24. Plaintiff did not have the authority to hire and fire other employees employed by Defendant and did not supervise or direct the work of any other employees. Thus, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

25. Additionally, Plaintiff did not exercise independent judgment or have discretion to act without immediate supervision as to matters of significance to Defendant's business. As set forth above, Plaintiff was generally not permitted to incur expenses, enter into contracts on Defendant's behalf, or establish new marketing practices or policies without prior authorization. Thus, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

26. Further, Plaintiff's job responsibilities did not involve the performance of work requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. Accordingly, Plaintiff did not qualify for the exemption for learned or creative professionals under the FLSA/PMWA.

27. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

28. Accordingly, Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

29. Defendant failed to pay Plaintiff at a rate of 1.5 times her regular rate of pay for each hour she worked in excess of forty (40) hours in a workweek.

30. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, et seq.**
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were more fully set forth at length herein.

32. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

33. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

34. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.

35. The foregoing actions and the policies and practices of Defendant violate the FLSA.

36. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

37. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FSLA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were more fully set forth at length herein.

39. The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

40. The PMWA further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

41. By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay overtime compensation.

42. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the PMWA.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the PMWA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back wages and/or overtime wages in an amount consistent with the PMWA;

C. Awarding Plaintiff liquidated damages in accordance with the PMWA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the PMWA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT III
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
#### P.a. Con. Stat. § 260.1 *et seq.*

43. Paragraphs 1 through 42 are hereby incorporated by reference as though the same were more fully set forth at length herein.

44. By its actions alleged above, Defendant has violated the provisions of the WPCL, by failing to pay certain wages and benefits earned, due and owing to Plaintiff pursuant to Defendant's policies, practices and agreements with Plaintiff.

45. Plaintiff is entitled to compensation for hours of work which she performed for Defendant and for which has not been properly compensated.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

WHEREFORE, Plaintiff, prays for judgment against Defendant as follows:

A. An award to Plaintiff for the amount of unpaid compensation to which she is entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the WPCL;

D. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WPCL; and

E. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, including general and special damages according to proof, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054/215-375-0961
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: May 25, 2016